60 F.3d 837
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Blaine P. PORTER and Nancy Porter, Plaintiffs-Appellants,
v.
Charles M. ALLEN; ALLEN'S FORD SALES, INC., a corporation;
and OLD REPUBLIC SURETY COMPANY, a corporation,
Defendants-Appellees.
 No. 93-4185.
 United States Court of Appeals,
Tenth Circuit
 Feb. 1, 1995.
 
 1
 Before MOORE, KELLY, Circuit Judges, and KANE, Senior District Judge.*
 
 KANE
 
 2
 ORDER AND JUDGMENT*
 
 
 3
 This is an appeal from the district court order dismissing Appellants' claims against Old Republic for attorney fees and costs. On August 30, 1990, Old Republic issued a Bond of Motor Vehicle Dealer, Salesman or Crusher (the "Bond") to Allen's Ford Sales Inc. ("Allen's Ford"). On May 11, 1991, Allen's Ford sold a motor vehicle to the Porters. The Porters later brought suit against Charles M. Allen, Allen's Ford, and Old Republic asserting various claims associated with their purchase of the motor vehicle. The Porters also sought an award of costs and attorney fees against each defendant.
 
 
 4
 The Bond issued by Old Republic explicitly excluded liability for attorney fees and costs. On April 29, 1991, however, after the issuance of the Bond, but before the Porters purchased the motor vehicle, Utah Code Ann. Sec. 41-3-205(3) went into effect. That statute provides: "A person making a claim on the bond shall be awarded attorney's fees in cases successfully prosecuted or settled. against the surety or principal if the bond has not been depleted." The issue before the district court was whether Sec. 41-3-205(3) should be applied retrospectively to the Bond issued by Old Republic on August 30, 1990.
 
 
 5
 Utah Code Ann. Sec. 68-3-3 (1986) provides that "[n]o part of these revised statutes is retroactive, unless expressly so declared." The district court, citing Washington National Insurance Co. v. Sherwood Associates, 795 P.2d 665, 667 (Utah App.1990), held that Sec. 68-3-3 prohibits retrospective application of Sec. 41-3-205(3) because the legislature did not indicate Sec. 41-3-205(3) should be applied retrospectively. The court further held the common law exception to the general rule that a statute is not given retroactive effect, only applies if retroactive application affects only procedural, rather than substantive, rights. In this case, the court properly determined retroactive application of Sec. 41-3-205(3) would change the contractual rights and obligations of the parties by requiring Old Republic to pay attorney fees; thus, the amendment would affect substantive rights. See Washington Nat. Ins. v. Sherwood Assoc., 795 P.2d at 669.
 
 
 6
 We affirm the district court's decision for substantially the same reasons relying, in particular, on Washington National Insurance Co. v. Sherwood Associates, 795 P.2d 665 (Utah App.1990).
 
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470